Allen, J.
 

 Two or more” persons owning a ship hold the same as tenants in common, and not as partners, unless they chance to be general partners, and have the ship as a part of their partnership property, and for partnership purposes. But there may be a special partnership between them in respect to the ship, or particular voyages and adventures in its employment and use. And whenever a general partnership, embracing the ownership of the vessel and the business in which she is engaged, or a particular partnership either in respect to the ship or a particular voyage or adventure exists, all the rules applicable to ordinary partnerships apply, and the rights and liabilities of the copartners are the same as in mercantile or other business copartnerships.
 
 (Mumford
 
 v.
 
 Nicoll,
 
 20 J. R., 611; S. C., 4 J. C. R., 523;
 
 Merritt
 
 v.
 
 Walsh,
 
 32 N. Y., 685;
 
 Julio
 
 v.
 
 Ingalls,
 
 1 Allen R., 41.) When thfere is a particular or
 
 quasi
 
 partnership either in respect to fitting out and furnishing a ship, or in respect to a particular voyage or adventure between owners in common, and who are not general partners, their accounts and dealings in respect to other ships or other and entirely distinct voyages and adventures with the same ship, cannot
 
 *465
 
 be brought together into one general account so as to defeat the claim of an assignee of one of the common owners of a share of the net proceeds of the one voyage or adventure by applying the same to the payment of balances due upon the other dealings, or of a general balance. The rule as stated in
 
 Nicoll
 
 v.
 
 Mumford
 
 (4 J. C. R., 528) is in substance that when one joint owner assigns his interest in the freight and cargo of a particular voyage, the other owner who has got possession of the proceeds of such freight and cargo is not entitled to he allowed and paid out of them any claims he may have against Ms co-owner arising from distinct voyages and adventures in which they were concerned together, in the same or other vessels, they not being general partners in trade, and there being no connection between the different transactions or voyages. The earnings, one-half of the net of which the plaintiffs seek to recover as the assignees of Howes
 
 &
 
 Co., were of a particular voyage under a charter made abroad by the master representing the owners. The referee has not found that there was no connection between that voyage and the others, the earnings of which were received and retained by Howes & Co.
 

 The charter, and the employment under it, would, from the whole case, appear to have been in a course of a continued employment of the vessel by the owners, one of a series of voyages and letting of the vessel for hire, a business of earning money by means of the vessel rather than a distinct and independent transaction. Howes & Co. were the ship’s husband, freighting and chartering her as occasion offered for the joint account of all the owners, and the accounts- show that the earnings and expenditures upon and in respect to different voyages went into general account rendered from time to time. So that the particular or
 
 quasi
 
 partnership was for the general employment of the vessel in the carrying of freight for hire under the charge of Howes
 
 &
 
 Co. as ship’s husband, and the different voyages and lettings were connected together and parts of the trade or business carried on by the owners of the vessel as partners.
 

 
 *466
 
 The distinction which takes the property in ships and vessels out of the ordinary rules of joint ownership of goods and merchandise is well established, and may not be departed from, but the owners of a ship holding and owning it, as tenants in common, may become partners, as common carriers of goods upon that ship, with all the rights and liabilities incident to that relation, and the rule which regulates the rights of owners in common of vessels, in their use and employment, ought not to be extended upon any refinement, so as unnecessarily to complicate the law of partnership. In all the cases cited from the courts of this State, stress is laid upon the fact of there being no connection between the several voyages as necessary to exclude the several joint owners from the rights of partners as to all. The plain inference from the findings of the referee is that the defendants and Howes
 
 &
 
 Co. were partners in the freighting of the Wanderer during the joint ownership, as a single and continued business upon the settlement of which a large balance is due the defendants for moneys received by Howes <& Co. in the course of that business. It. follows that the plaintiffs, as assignees of Howes and Co., took only the interest which the latter had in the earnings of the vessel after the adjustment of the partnership accoúnts, and the referee has found that there was nothing due Howes
 
 & Go.
 
 or the plaintiffs upon this principle from the earnings under this charter party;
 

 There is no pretence that the advances to Howes & Co. by vthe plaintiffs were for the joint account of the owners of the ■vessel, or upon any account which would give them a lien ■.upon the vessel or her earnings as against the defendants.
 

 The judgment should be affirmed.
 

 All concur.
 

 .Judgment affirmed.